[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10955
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00240-EAK-AEP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JHONNY CORLEYIS GUEVARA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 18, 2018)

Before TJOFLAT, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Jhonny Corleyis Guevara appeals his 168-month sentence, imposed after he

pled guilty to conspiracy to possess with intent to distribute five kilograms or more

of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), and aiding and abetting to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).  On appeal, Corleyis Guevara argues that (1) the district court erred in denying him a minor-role reduction pursuant to United States Sentencing Guidelines ("USSG") § 3B1.2(b); and (2) his sentence was unreasonable.  After careful review, we affirm.

## I.

Corleyis Guevara and his codefendants, Ilcias Artemio Perez De La Cruz and Carlos Alberto Reyes Rivas, were transporting cocaine on a "go-fast vessel" in international waters.  Corleyis Guevara was the captain.  When the United States Coast Guard approached the boat, the responding officers observed that the go-fast vessel was "dead in the water in a bale field."  The recovered bales tested positive for cocaine and weighed about 760 kilograms.  Corleyis Guevara admitted "he was hired to go on a drug run," "had received an advance payment[,] and before departing . . . put the bales on board."

2

## II.

We review a district court's decision about whether a defendant qualifies for a minor-role reduction under the Guidelines for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). A defendant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal," is entitled to a two-level reduction for his minor role. USSG § 3B1.2(b), cmt. n.5. The defendant must prove his minor role by a preponderance of the evidence. Rodriguez De Varon, 175 F.3d at 939.

To determine if the defendant qualifies, "the district court must measure the defendant's role against the relevant conduct for which [he] was held accountable" and "may also measure the defendant's role against the other participants, to the extent that they are discernable, in [the] relevant conduct." Id. at 945. Application Note 3(C) for Guidelines § 3B1.2 presents a non-exhaustive list of factors that the court may consider in making this evaluation. USSG § 3B1.2 cmt. n.3(C).

Corleyis Guevara argues he, Perez De La Cruz, and Reyes Rivas were merely drug couriers and there were other more culpable participants who "hired the men on the boat," "organized this venture," "owned the drugs," or were going to "purchas[e] the drugs." However, "a defendant's status as a drug courier does not alter the principle that the district court must assess the defendant's role in light

of the relevant conduct attributed to [him]" and is not itself dispositive of whether a defendant is entitled to the adjustment. Rodriguez De Varon, 175 F.3d at 942. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id. at 944.

Here, Corleyis Guevara was held accountable for the 760 kilograms of cocaine that he admitted he loaded onto the boat and attempted to deliver to purchasers. Because his relevant conduct matched his actual conduct, "he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable." See United States v. Alvarez-Coria, 447 F.3d 1340, 1343 (11th Cir. 2006) (per curiam). And Corleyis Guevara presented no evidence demonstrating that he was less culpable then Perez De La Cruz and Reyes Rivas, the only other discernable participants involved in the relevant conduct. See Rodriguez De Varon, 175 F.3d at 944–45. Instead, Corleyis Guevara's role loading the cocaine and captaining the boat suggested he understood the scope and structure of the criminal activity in which he was involved and exercised some authority over it. See USSG § 3B1.2 cmt. n.3(C); Rodriguez De Varon, 175 F.3d at 942–43, 945 (counseling courts to consider all facts to determine a drug courier's role in the offense and listing factors to consider). The district court's denial of the two-level minor-role reduction therefore was not clear error.

III.

We review the reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). We first determine whether the sentence is procedurally unreasonable—that is, whether the district court committed any "significant procedural error, such as . . . improperly calculating[] the Guidelines range, treating the Guidelines as mandatory, [or] failing to consider the [18 U.S.C.] § 3553(a) factors."[1] Id. If the sentence is procedurally sound, we determine whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances." Id.

Corleyis Guevara argues his 168-month sentence is procedurally unreasonable for three reasons: (1) the district court "incorrectly calculated the guidelines because it erroneously denied an adjustment for minor role," (2) the court incorrectly "stated that no variance was available because [Corleyis Guevara] did not cooperate with [the] government . . . contrary to Booker,"[2] and (3) "the court failed to adequately consider the 18 U.S.C. § 3553(a) factors." When

---

[1] The § 3553(a) factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[2] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

sentencing a defendant, "the district court does not need to discuss or state each [§ 3553(a)] factor explicitly. An acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (citation omitted).

There was no procedural error. First, because the district court's denial of the minor-role reduction was not error, its Guidelines calculation was correct. Second, there is no indication the court misunderstood its authority to impose a variant sentence. Corleyis Guevara offered a number of reasons for requesting a variant sentence, and the court simply determined "[t]here [was] no basis to provide a variance." Third, the district court adequately addressed the § 3553(a) factors. When imposing the sentence, the court stated it "consider[ed] . . . all the factors identified in [18 U.S.C. § 3553(a)]" and found "the sentence imposed is sufficient, but not greater than necessary to comply with the statutory purpose of sentencing." Although this is all that is required by our precedent, see id., the court also discussed Corleyis Guevara's age, health, education, work history, and family. It also noted the seriousness of the offense, observing it involved 760 kilograms of cocaine.

We next review Corleyis Guevara's sentence for substantive reasonableness. A sentence within the Guidelines range is expected to be reasonable, and it is the defendant's burden to show otherwise. Gonzalez, 550 F.3d at 1324. We will

reverse "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

Corleyis Guevara has not shown his sentence was substantively unreasonable. His Guidelines range of 168 to 210 months was driven primarily by the drug quantity with which he was charged. The district court appeared to give the drug amount significant weight at sentencing, repeatedly mentioning the offense involved 760 kilograms. However, it was within the district court's discretion to give more weight to the amount of cocaine involved in the offense and the need to protect U.S. citizens from its distribution when balancing the § 3553(a) factors. See id. (stating "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court" (quotation omitted)). The district court also explicitly considered other factors, including Corleyis Guevara's history and characteristics, as well as how the educational and vocational programs offered by the Bureau of Prisons could aid Corleyis Guevara in providing for his family, both while in prison and afterwards. Finally, Corleyis Guevara's 168-month sentence is at the lowest end of his

Guidelines range, which is the kind of sentence we expect to be reasonable.  See

Gonzalez, 550 F.3d at 1324.

Corleyis Guevara's total sentence was procedurally and substantively

reasonable.

**AFFIRMED.**

8